UTICA,
Aug. 1824.

Gardner
v.
Buckbee.

---

### GARDNER *against* BUCKBEE.

The judgment of a court of concurrent jurisdiction, directly upon a point, is conclusive between the same parties, upon the same matter coming directly in question in another suit ;

And this, whether it be pleaded, or given in evidence under the general issue.

It is conclusive, whether it appear upon the face of the record in the former suit, that the same matter was tried and passed upon, or not.

If it was, in fact, so tried, without this fact appearing of record, the proper course is to give the record in evidence, and then prove, by parol, that the matter did arise, and was tried upon the pleadings in the record.

Where *B* sued *G* upon a promissory note, in the marine court, and *G* pleaded the general issue, with notice that the note was given upon the fraudulent sale of a vessel by *B* to *G*, which was the question upon the trial, and the verdict was for the defendant ; and afterwards *B* sued *G* in the common pleas, upon another note given upon the same purchase ; *held*, that upon the trial of the second cause, the record and proceedings in the first were conclusive evidence of the fraud, and were a conclusive bar to the second action ; that the proper course was to give the record of the marine court in evidence, and then shew by parol evidence, (*e. g.* by the justice who tried the first cause) that the same question had been tried before him.

Whether, in *assumpsit*, a former trial for the same cause may be given in evidence under the general issue ? *Quere*.

On error to the Court of Common Pleas of the city of *New-York*, the case was this : The defendant in error sold to the plaintiff in error and others, the schooner *Tiger*, and for the consideration money took two promissory notes, signed by the plaintiff in error, and the other purchasers. The *Tiger*, upon examination, proving utterly unseaworthy, the plaintiff in error refused to pay the notes, on the ground of fraudulent misrepresentations in the sale by the defendant in error. Hereupon the defendant in error prosecuted the plaintiff in error, on one of the notes, in the Marine Court of the city of *New-York*, who contested the payment upon the general

issue, accompanied with notice of a total failure of consideration, on the ground of fraud in the sale of the schooner, and a trial being there had, on this very point, judgment passed in favour of the plaintiff in error. The defendant in error then brought this action on the remaining note, against the plaintiff in error, in the Court of Common Pleas for the city of *New-York*, and at the trial, the plaintiff in error offered in evidence. in bar of the suit, the record of the judgment in his favour, on the other note, in the Marine Court, contending that it was conclusive ; the defence, by the notice in this case, being fraud, and the judgment offered in evidence being directly on the point in issue, and between the same parties. The Court of Common Pleas decided, that the judgment was no bar, but admitted it in evidence to the jury, in connexion with other proof of fraud ; to which opinion the plaintiff in error excepted. The case will also be found stated at large in the opinion of the Court, to which I refer for the manner in which the proceedings on the first trial were made out.

*J. Anthon*, for the plaintiff in error.

1. This case falls so fully within the rule laid down by C. J. *De Grey*, in the Dutchess of *Kingston's* case, as to preclude all argument. (Vid. 11 *State Trials*, 261. 1 *Phil. Ev.* 223.) He says, " Relative to judgments being given in evidence in civil suits, it seems to follow as generally true, that the judgment of a Court of concurrent jurisdiction directly on the point, is, as a plea, a bar, or, as evidence, conclusive between the same parties, upon the same matter directly in question in another cause." " Where several Courts have each an original, direct and concurrent jurisdiction, the same question may arise in each of them, either directly or indirectly, and either Court may decide the cause, But if the matter be directly decided by either Court, before the decision of the same question is brought forward in the other Court, such decision would be final."(a) " The decision of a Court of competent jurisdiction, directly upon the same point,, is conclusive, when the same point comes again in controversy between the same parties, directly or

(a) *Gahan*
v. *Maingay*, 1
*Irish T. R.* 54

collaterally."(b)   " It is a well established rule, in *England*, that the judgment, sentence, or decree, of a Court of exclusive jurisdiction upon the point, may be given in evidence as conclusive between the same parties, upon the same matter coming incidentally in question in another Court."(c)   The same rule applies when the Courts have a concurrent jurisdiction.(d)   " A person is, in all cases, concluded by a decree, sentence, or judgment, of a Court of competent jurisdiction, in a suit in which he was a party, in all future trials of the same question, and whether that question arises directly or collaterally.  And such judgment is conclusive, not only of the rights it establishes, but of the fact which it decides."(e)

2.  This record was admissible in evidence under the plea of non-assumpsit, and did not require to be specially pleaded. " In an action of assumpsit, the defendant may either plead a judgment recovered, or give it in evidence under the general issue.(f)

*J. Wyckoff*, contra.   Whatever was the former law upon the subject, the latest adjudications require that a former judgment should be pleaded *specially*, and refuse to receive a record in evidence, under the plea of *non-assumpsit*. (*Vooght* v. *Winch*, 2 *B.* & *A.* 662.)   In this case the doctrine, as laid down by Ld. *Mansfield*, " that a former recovery need not be pleaded in bar, but may be given in evidence under the general issue," is overruled by *Abbott*, Ch. J. and *Bayley & Holroyd*, Justices.(g)

2.  The former judgment should have been pleaded by way of estoppel; but the plaintiff in error has elected to

(b) 1 *Pet. Rep.* 202.   *Wright* v. *Deklyn, Circuit Court U. S. per Judge Washington.*

(c) *Croudson* v. *Leonard, per Johnson, J.* 4 *Cranch,* 436.

(d) 1 *Irish T. R.* 54.

(e) *Outram* v. *Morewood,* 3 *East,* 345.   6 *Mass. T. R.* 277.   8 *id.* 536. 11 *id.* 445.   12 *id.* 268.

(f) *Bird* v. *Randall, per Ld. Mansfield,* 3 *Burr.* 1353.   1 *Chit.* 473.   1 *Phil. Ev.* 224.   16 *John.* 136.)

(g) 1 *Phil. Ev.* 225, *note.*

submit *all the facts in evidence* to the *jury*, by pleading the general issue.(*h*)

3. The *record* of the Marine Court neither negated nor affirmed any *particular* fact in issue, but the judgment was *general and indefinite ;* and as the actions in the Marine Court and the Court of Common Pleas, were upon distinct obliga tions, payable at different times, the defences were founded upon the same or a different state of facts, neither inferrible from the language of the record ; for the record must be taken by itself, unconnected with the parol explanations of the Justice who rendered judgment.(*i*)

By the record of the Marine Court, therefore, no single fact in issue appears to have been decided, which would necessarily arise under the pleadings in the cause in the Court of Common Pleas. The record, therefore, would be no bar, even if pleaded specially, for it must be upon the same point in issue in both causes.(*j*)

*Anthon*, in reply. The case of *Vooght* v. *Winch*,(*k*) on which, alone, the defendant in error relies, is not law. The argument of *Marryat, Lawes & Comyn*, in that case, sets forth the law truly, and consistently with the opinion of the twelve Judges in the Dutchess of *Kingston's* case, which, from the time it was decided, down to the year 1819, when *Vooght* v. *Winch* was decided, has been the unquestioned law of *England*.

The conclusiveness of records, when given in evidence, underwent a very full discussion in the Exchequer Chamber in Ireland, upon a writ of error, in the case of *Maingay* v. *Gahan*,(*l*) and was fully sustained, on the authority of the Dutchess of *Kingston's* case.

It is absurd, and against sound reason, that a record which imports perfect verity, should be conclusive when offered to the Court, and of no positive avail when left to a jury. In the language of *Marryatt*, in *Vooght* v. *Winch*,(*m*) its effect surely cannot be varied by the mode in which it is brought before the Court.

The doctrine of the Dutchess of *Kingston's* case, independent of the other authorities cited for the plaintiff in error, is

UTICA,
Aug. 1824.

Gardner
v.
Buckbee.

(*h*) *id. and* 2
B. & A. 662.

(*i*) 1 *Phil.*
Ev. 218.

(*j*) 1 *Phil.*
Ev. 223, and
the authorities
there cited.
(*k*) 2 B. &
A. 662.

(*l*) Irish T.
R. 1 to 80.

(*m*) 2 B. &
A. 666.

(n) 2 *Wash.*
*Rep.* 64.
(o) 1 *Phil.*
*Ev. ch.* 2, *s.* 1,
*p.* 223.

supported in the case of *Shelton* v. *Barbour.*(n)   Mr. *Phil-ips*, also,(o) at the very place cited by the defendant in error, rejects his doctrine, and that of the Judges in *Vooght* v. *Winch*, and says, " In an action of assumpsit the defendant may either plead a judgment recovered, or give it in evidence under the general issue, and it is difficult to assign a reason why the judgment should not have the same conclusive operation, if given in evidence without pleading, as it would be admitted to have if pleaded in bar." He also notices the doctrine of *estoppel*, relied upon by the defendant in error, and confines it to its legitimate subject—" title in the realty."

. As to the third point made by the defendant in error, which relates to the generality of the record in the Marine Court, the fact is mis-stated. The plea was *non-assumpsit*, with *special notice of failure of consideration*, which is tan-

(p) 2 *John.*
*Rep.* 28.

tamount to a special plea. In the case of *Maury* v. *Harris,*(p) *Spencer*, J. lays down the true rule as to auxiliary testimony in aid of a record. In commenting on the record offered in evidence in that case, and the auxilliary proof received by the Judge who tried the cause, he observes, " It is, therefore, only necessary to enquire whether that issue warranted the giving the present bond in evidence, so that the jury might allow it to the plaintiff ; for if the issue did not embrace the present cause of action, evidence ought not to have been received that the jury did decide upon it. This language, as applied to this case, would be, " It is, therefore, only necessary to enquire whether the issue in the Marine Court warranted the giving in evidence the matters offered by the defendant in his defence in the Common Pleas ; for if the issue did not warrant it, the evidence ought not to have been received that the jury did then decide upon it." Now the issue below was expressly on the point ; the testimony of the Justice, shewing that the Court had decided the very point, was admissible, (and, indeed, was received without opposition) and made the record conclusive, leaving to the opposite party the right to contradict him, if this could be done.

It is true that, from the form of the pleadings, the whole case necessarily went to the jury. But the Judge was bound to charge them as to the effect of documentary evidence in the law. He ought, therefore, to have charged them, that if, from all the evidence, they should find that the matters between the parties had been passed upon in the Marine Court, then the record was final. Instead of so doing, he totally neutralized that evidence, by charging that it was entitled to their *serious consideration*, to which indefinite charge we excepted.

*Curia*, per WOODWORTH, J. This is a writ of error to the Common Pleas of the city of *New York*. *Buckbee*, plaintiff in the Court below, commenced an action against *Gardner*, on a promissory note. The defendant pleaded the general issue, and gave notice of special matter, that the note was given in part payment for a vessel called the *Tiger*, sold to the defendant and others, and alleged fraud by the plaintiff in the sale ; the vessel being at the time rotten and unseaworthy, and that known to the plaintiff. At the trial the plaintiff admitted, that the note was one of two promissory notes, for the same amount, given by the defendant and two others, as the consideration upon the sale of the vessel.

The defendant offered to prove, in bar of the plaintiff's demand, that the plaintiff impleaded the defendant, in the Marine Court of the city of *New York*, upon a promissory note, bearing even date, and for the same amount as the one now in question, signed by the same parties, and given for the consideration money ; that, upon the trial in the Marine Court, the fraud of the plaintiff in the sale was the only point in question ; and that judgment had been rendered in that Court in favour of the defendant, on the ground that the sale was fraudulent. The plaintiff objected to the testimony, because the judgment had not been pleaded, or notice given ; and that the note on which the present suit was brought, is a different instrument from that declared on in the Marine Court. The Judge declared the evidence was not admissible, in that stage of the cause, but might be

offered, after proof to the jury of the fraud, and in support thereof, to which the defendant excepted.

The defendant, then, in proof of the fraud, offered in evidence the record of the judgment in the Marine Court, in favour of the defendant, on the other note. By the record it appeared that the defendant pleaded the general issue, and gave notice of a total failure of the consideration. *I. B. Scott,* one of the Justices of that Court, testified, that the matters directly in question before the Marine Court, were, the unseaworthiness of the vessel at the time of sale. and the knowledge of that fact by the plaintiff; it not being disclosed at the time of sale to the defendant.

The counsel for the defendant then insisted, that the record was a judgment of a Court of concurrent jurisdiction, upon the same matters in question in the Court below, and was conclusive evidence in favour of the defendant to entitle him to a verdict. The Judge decided, and charged the jury, that the matters given in evidence by the defendant, were not, in themselves, sufficient to bar the plaintiff's action, but were entitled to the serious consideration of the jury, and were to be taken by them in conjunction with the other evidence of fraud offered in proof. The jury found a verdict for the plaintiff. The defendant excepted to the opinion.

It appears clearly that the question of fraud was tried between the parties, in the Marine Court, on one of the notes given in part payment of the vessel. That Court had concurrent jurisdiction. The question is, whether the judgment thus obtained is not a conclusive bar to a recovery in this cause ? The law is well settled, that the judgment of a Court of concurrent jurisdiction, directly upon the point, is, as a plea in bar, or evidence, conclusive between the same parties, upon the same matter directly in question in another Court. This was the rule laid down by *De Grey,* Chief Justice, in delivering judgment in the Dutchess of *Kingston's* case. (11 *State Tri.* 261. 1 *Phil. Ev.* 223. 1 *Peters' Rep.* 202, *Cir. Court U. S.*) I am not aware that it has been departed from by our Courts. The general principle does not appear to be controverted by the counsel for the defendant

In error; but it is urged that the judgment in the Marine Court does not affirm any particular fact in issue in this cause, but is general and indefinite; and that, from the language of the record, it cannot be inferred whether the two cases were founded on the same or a different state of facts. It is true, the record merely proves the pleadings, and that judgment was rendered for the defendant. Without other proof it would not make out the defence. The record shows that it was competent, on the trial, to establish the fraud of the plaintiff. Whether fraud was made out, and whether that was the point upon which the decision was founded, must necessarily be proved by evidence extrinsick the record. To do so is not inconsistent with the record, nor does it impugn its verity. The jury must have passed on the fraud. It was directly in question. *Scott* testifies that the unseaworthiness was not disclosed at the time of sale to the defendant. The inquiry, then, was solely directed to the question, was the vessel unseaworthy, and had the plaintiff knowledge of that fact when he sold? By the finding of the jury, both propositions are affirmed. The judgment became conclusive between these parties, on these points, and is an effectual bar to the action to recover the residue of the consideration money. It is unnecessary to consider whether the record was admissible in evidence under the general issue, without notice. It was admitted, and no exception was taken on that ground. The effect ascribed to it seems to be the material question in the case. It is in general true, that, under *non-assumpsit*, most matters in discharge of the action, which show that at the time of the commencement of the suit the plaintiff had no cause of action, may be taken advantage of. (1 *Chit.* 472.) This rule may appear somewhat arbitrary, as the object of pleading is to apprize the adverse party of the grounds of defence. It is, however, peculiar to this action, although, as *Chitty* observes, not according with the logical precision which usually prevails in pleadings. The Judge ought to have charged the jury, that if, from the evidence, they were satisfied that the matters in question had been passed upon in the Marine Court, the record was conclusive against the plaintiff's right to recover.

UTICA,
Aug. 1824.

I am of opinion that the exceptions are well taken, and that the judgment ought to be reversed.

Judgment reversed.