Curia, per
Evans, J.
The questions which have been discussed in this court, are — 1. Was there a legal title to the land in Dolly Lyles 7 and this involves the validity of Ruth Lyles’s will. 2. Was there such an ouster by the defendant, of his co-tenant, the plaintiff, as would support an action for the land marked C on the plat, of which they were tenants in common'? 3. Was the defendant barred of his title by the Act of 1744, because Dolly Lyles brought no second action within two years from the termination of the first 7 4. Was parol evidence admissable to show what was decided in the first action ?
As to the will of Ruth Lyles, of which Goree was both executor and attesting witness, that, I presume, is settled by the case of Taylor vs. Taylor, decided in the Court of Errors during the present teim. If he took any beneficial interest under it, the Stat. 25 Geo. 2, takes away his interest, and if he took none, then he is a good witness, by the rules of the common law, between the devisee and the heir at law.
Of the small part of the land marked C on the plat, the parties were tenants in common, and no action could be maintained by the plaintiff against his co-tenant without proof of ouster. As to what shall constitute an duster, I do not propose here to discuss it. This court is satisfied with the charge of the presiding Judge, and with the verdict on the facts.
In considering the third ground, I need not repeat what every lawyer knows so well; that, by the common law, there was no limit to the number of actions of ejectment which a plaintiff might bring. By the Act of 1712, (4 sec. 2 Stat. 584) this right was taken away, and the number of actions which a plaintiff might bring, was limited to one. This was repealed by the Act of 1744, 3 Stat. 612, and he was allowed to bring a second action within two years from the termination of the first. In this case, it appears *477 that soon after the termination of the first action, the possession of the land was abandoned by Maybin, and the house he had built was taken down and removed. The agent of Dolly Lyles, finding the land occupied by no one, took possession for her. The possession has continued in her and the defendant, to whom she sold, ever since. Under these circumstances, is she barred of her title to the land because she did not bring her second action within two years from the termination of the first 1 The object of the second action would be to recover possession of her land; but this she had already done without an action. Actions in relation to land, are brought to recover possession, or damages for an injury done in disturbing the plaintiff’s possession. She could not maintain ejectment, or our substitute for it, trespass to try title, for she was in possession herself; and she could not bring trespass quare clau-sum fregit, for her possession was not disturbed. The object of the statute of limitations, as .appears from its title and all its provisions, was to quiet possession ; and the obvious meaning of the Act of 1744, is to take away the right of one claiming to be the owner of land against one in possession, after one decision, unless the second action was brought within two years. But if the defendant abandoned the possession, and the plaintiff re-gained it, the object of a second action no longer existed, and, in truth, it could not be maintained. But in the argument at the bar, it was attempted to avoid this necessary conclusion, by saying that the second action could be maintained for the same cause as the first. This is not so. At common law, every successive action of ejectment was on a new lease, entry and ouster. The verdict for the defendant in the first action is final, as to the matters put in issue by the pleadings, as in other cases. The plaintiff may bring another action, but it must be on a new cause, to wit, a new lease, entry and ouster.
To give the Act of 1744 the construction contended for, would involve the absurdity, that the law requires a man to do what, according law, he could not do. I think, therefore, that the title of the defendant is in no way affected by the circumstance that Dolly Lyles did not bring a *478 second action within two years from the termination of the first.
The fourth ground relates to the admissability of parol evidence to shew the ground on which the former verdict was rendered. By the common law, a plaintiff, as I have before said, may bring successive actions against, a defendant continuing in possession ; and this right is taken away only by the Act of 1744, which restricts him to two actions, and makes a verdict for the defendant, or a nonsuit, 'or discontinuance of his first action, conclusive, unless a second action be brought within two years. Now, in cases like the present, where the second action' is rendered unnecessary by the abandonment of the defendant’s possession, it may admit of doubt whether the defendant’s title does not remain as it was at common law, wholly unaffected by the verdict in the first case, or whether the verdict would be no more evidence against him than it would be at common law, were he a plaintiff suing a second time in ejectment to recover the land. But it is not intended to put the case on that ground (which has not been decided) but to consider the verdict in the action of Dolly Lyles vs. Maybin, on the footing of an ordinary verdict, as it was considered on the trial before the jury, and to inquire how far it was conclusive between the parties, and how far parol evidence was .admissable to ascertain what was determined by it. I assent to what has been said so often, and in so many cases, that a verdict is conclusive between the same parties, of all the matters decided by it, whether, as is said in the Duchess of Kingston's case, the same be pleaded as an estoppel, or given in evidence under the general issue. Some controversy has existed as to its effect in the several ways in which it may be presented by the parties, and there is the high authority of Lord Mansfield, in Evelyn vs. Haynes, cited in 3 East, 365, for saying that such a verdict was not conclusive, unless it was pleaded as an estoppel. But, on looking through the cases, I think it will be found that such a distinction, although proper in the particular case,' is not supported by subsequent cases as a general rule. Wherever the fact exists, and is brought *479 out according to the rules of pleading and evidence, it is conclusive.
I have said, and such is the language of the authorities, that the verdict is conclusive of the matters decided; so that the first question which arises on a verdict is, what questions are decided by it 1 To determine this, you must look to the pleadings. The verdict is the answer, negatively or affirmatively, to the question made by the pleadings. If these make single questions, to which the verdict directly applies, then the parties are concluded, and the same matter can never, as between them, be inquired into again. This proposition all the authorities sustain, and there can be no doubt of its accuracy. But where the pleadings are general, and there is more than a single proposition to be decided, and the verdict may be equally applied to both or all, in such case a verdict has not that conclusiveness which belongs to it when applied to a single proposition stated in the pleadings. The case under consideration is an action of trespass to try title. The plaintiff contends that the title to the land was decided in a former suit, between those under whom they claim. If this be so, then the question is not open for further discussion ; it is definitively settled. In deciding this question, what is the rule ? In Evelyn vs. Haynes, Lord Mansfield takes the distinction, that the record is not conclusive where the pleadings are general, and no issue is made on any precise point. In Standish vs. Parker, 2 Pick. 20, Ch. J. Parker says — “ the principle adopted is, that in actions of trespass, or for torts generally, nothing is conclusively settled but the point or points directly put in issue. Thus in trespass, upon not guilty pleaded, the title is not concluded, though if the title is put in issue by a plea of soil and freehold, the verdict will be conclusive in another action of trespass for an injury done to the same land.” He applies the same rules to actions for obstructing lights and other easements, and says, a verdict on the general issue does not settle the right, but if the defendant, admitting the fact, pleads a title in bar, and issue is taken on it, the verdict would settle that point for all future time. And hence, I would conclude, that whenever a verdict is relied on as evidence *480 conclusive per se, it shall have that effect only in those cases where it appears from the record itself, that the verdict could not have been rendered without a decision on that fact by the jury. If the verdict may, in perfect consistency with the record, have been rendered on another ground, it is not conclusive per se, because, as was said in Evelyn vs. Haynes, no issue was taken on any precise point; the jury may, for any thing that appears, have decided on a different ground from that which is involved' in the second action. And this is conformable to the general reason of the law; for, where more than a single fact is involved, it cannot appear from the record, where only the general issue is pleaded in trespass to try title, whether the jury passed upon the title as well as the trespass. To maintain this action, (which is a substitute for ejectment) the plaintiff must prove both a title in himself and a possession by the defendant. If he fails to prove either, a verdict may be rendered against him. The plea puts in issue both the title and the trespass. How can it be ascertained from the verdict itself, whether the jury, in finding for the defendant, decided on the title as well as on the trespass? The plaintiff must establish both by evidence, and failure in either defeats his action.
All the authorities on this subject are collected in the 3d vol. of Phillip’s Ev. by Cowen & Hill, in notes 591, 592 and 594, and the result of them, it appears to me, is, that where the pleadings present two distinct propositions, and the verdict may be referred to either, it is inconclusive, because there is no precise issue made by the pleadings, and the verdict wants that certainty which is necessary to give it the effect of an estoppel. In such case, as the jury may have decided on both questions, the verdict is prima facie evidence, but it is not conclusive, and may be rebutted by evidence aliunde. Such evidence is not resorted to, to contradict or explain the verdict by any direct evidence of intention ; but to give it application, by shewing what were the facts to which it applied, and upon which the jury passed in rendering it. There are many cases in which parol and extrinsic evidence may be resorted to, to shew the effect of a verdict. Thus, in trespass or trover, *481 the verdict may, or may not, vest the chattel in the defendant. If the jury give the value of the property, the title vests, in trover, immediately in the defendant, and in trespass, it vests on paying the verdict. But whether the jury intended to give the full value of the property, and thereby vest it in the defendant, can only be known by evidence aliunde, Jones vs. McNeil, 2 Bail. 474.
In the case of Seddon vs. Tutop, 6 T. R. 607, the plaintiff sued for a note and an open account. On executing his writ of inquiry, he gave no evidence on the account, and took his verdict for the note. It was held, in a subsequent action for the account, that the record was not conclusive. The fact that no evidence was offered on the account, and, therefore, that the jury did not pass upon it, could not appear from the record, and, of course, could be' proved by parol only. In the case of the New England Bank vs. Lewis, 8 Pick. 118, the judge, after stating the general rule from Ferrer’s case, 6 Co. 7, (which is substantially the same as stated by Ch. J. DeGrey in the Duchess of Kingston’s case,) says — “when, however, the real merits of an action have not been inquired into in a former suit, issue may be taken on the fact, the judgment being pleaded in bar. And when issue is thus taken on the fact, evidence is admissible to prove what passed at the former trialand for this he cites the case of Eeddon vs. Tutop, thus shewing his understanding of that case to be the same as hereinbefore stated. This doctrine has been fully recognized in a great number of American cases, which will be found in note 590, 3 vol. of Cowen Hill’s edition of Phillip’s Ev. At the end of note 594, at page 848, the doctrine, as established in New York, is thus stated — “that a verdict and judgment are conclusive upon any matter legitimately within the issue, and necessarily and directly found by the jury; and that where the record itself does not shew that the matter was necessarily and directly found, > evidence aliunde, consistently with such record, may be received to prove the fact.”
None of these cases decide, directly, the point made in this case, but they serve to illustrate the principle, and shew most conclusively, that parol evidence may be re-* *482 ceived to give a verdict its true application. Our action of trespass to try title is of an anomalous character. It unites two actions into one, and can be sustained only by proof of what will support both. It is within the experience of every lawyer, that a case is often .decided against a plaintiff having a clear title, on his failure to prove a trespass, as would seem to have been the fact in the action of Dolly Lyles vs, B. Maybin. In such case, the ground of the decision does not appear on the record; and it seems strange, and against the spirit of the law, when the merits of her case have not been decided or passed on by the jury, that she should be estopped by the verdict. There is abundant authority to show the admissability of parol evidence, in relation to the matters decided by the jury; and if there is none bearing directly on this particular case, that results from the anomalous character of our action to try title to lands, in combining the evidence necessary to maintain two actions;
In actions of trespass, quare clausum fregit, if the defendant, admitting the trespass, should plead liberum tenementum, there would be but one issue, and the verdict would be conclusive; but if he pleaded not guilty to the trespass, and liberum tenementum also, which, under our practice, he might do with leave, and the jury should find for the defendant, how could it be known on which plea the verdict was rendered 1 Or if, in the same action, the defendant were to justify under the general issue, as we decided he might, in Jones vs. Muldrow, Rice, 64, by shewing he was the owner of the land, and the question of title thus made was decided by the jury, could not that be shewn on the trial of a second action involving the title to the same land ? I apprehend it might, under the authority of the case of Gardner vs. Buckbee, 3 Cow. 120, and Burt vs. Sternburgh, 4 Cow. 559. Such evidence should be admitted with great caution, and should be clear and satisfactory. But after much reflection and examination, I am satisfied the evidence was admissable.
It is not intended to weaken, in the slightest degree, the full force of the principle, that a verdict on the same point, directly made and necessarily decided, is final between the *483 parties, and operates as an estoppel, whether pleaded in bar or given in evidence under the general issue, by either plaintiff or defendant. The court is of opinion that none of the plaintiff’s grounds can avail him, and the motion is dismissed.
The whole court concurred.