Mr. Justice Walker delivered the opinion of the Court. To this action, the defendant pleaded in abatement the pen-dency of another suit between the same parties for the same cause of action. The plea was in the usual form but not verified^by affidavit, and for that reason was on motion stricken from the files. The only question presented is, whether the truth of the facts set forth in the plea appears of record. If not, the statute expressly declares (unless it is a plea to the jurisdiction of the court) that it shall not be admitted. It no doubt sufficiently appears of record that another suit is pending, the nature of the action and the names of the parties. But whether it is the same identical cause of action in suit in the second action, or whether these are the same parties, although of like names, does not appear of record, and although an identity in the amount, date, &c., of the contract, or a similarity of names in the two actions, might raise a strong presumption that such might be the case, yet this does not satisfy the strictness of the rule in regard to issues in abatement. The plea' itself indicates very clearly the extent to which the record is to be relied upon. After describing the action and the parties to it minutely, the plea proceeds, “ As by the record and proceedings thereof remaining in the said circuit court, &c., more fully appeals. And said defendant further saith that the parties in this and the former suit are the same and not other or different persons; and that the former suit so brought, &c.,is still pending,” &c. It is evident that these latter averments are not intended to be verified by the record; but are distinct matters requiring other proof. But few adjudicated cases, either in England or America, are to be found directly in point. The case of Gardner vs. Buckbee, (3 Cow. 127,) has some bearing on the question. Upon an issue of former recovery, it was, in that case, held, “That the record of recovery merely proved the pleadings, and that judgment was rendered for the defendant, but without other proofs it would not make out the defence.” And this court, in the case of The State vs. Murphy, who was indicted for an escape after conviction, held that the record of the conviction was not evidence sufficient to establish the fact that the prisoner was the same person convicted of record; but that other proof should have been offered upon that point. (5 Eng. 77.) And, to this effect are the decisions of the English' courts. 1 Strange 522. Whilst, therefore, part of the facts constituting this defence appeared of record, other facts equally necessary did not so appear; and under the rules of strictness required in framing a defence in abatement an affidavit was necessary, at least as to those facts not evidenced by the record. Let the judgment of the Circuit Court be affirmed, with costs.