# SUPREME COURT.

JAMES O. HIGGINS agt. NATHAN MAYER and MINK MAYER.

Where two of several promissory notes, given upon the same transaction, and for the same consideration, were sued in this court; and while the action was at issue upon a question of fraud in the consideration, another of the same notes was sued in the marine court, and after litigation upon the same issue, judgment was rendered for the defendant—establishing the fraudulent consideration,

*Held*, on demurrer to a supplemental answer setting forth these facts, in the action in this court, that the question had been decided, by a court of competent jurisdiction, between the same parties, and they were bound by it.

Where a deed of compromise between a debtor and his creditors contains a clause, " that the compromise shall not be binding except all the creditors agree to this agreement," and one of the creditors refuses to sign it, unless the debtor will give him some endorsed notes for a part of his debt, which, on being done, the creditor agrees to keep secret from the rest of the creditors, it renders the notes thus given *void*, for the fraud which enters into their consideration.

*New York Special Term, May,* 1854.

On demurrer to supplemental answer of Nathan Mayer, one of the defendants.

———— ———— *for plaintiff.*

———— ———— *for defendants.*

Morris, Justice. The complaint is by the plaintiff, as second endorsee of two promissory notes of the same date, drawn by the defendant, Nathan Mayer, to the order of the defendant, Mink Mayer,—the one for $150, payable in four months, and the other for $200, payable in five months after date.

The complaint avers that Mink Mayer endorsed the notes over to David H. Gregory and George B. Foote, and that Gregory and Foote endorsed them over to the plaintiff, John O. Higgins. The complaint contains the necessary averments to make the defendants, drawer and payee, responsible.

The defendants appeared, and answered separately.

The question now before the court is only between the plaintiff and the defendant Nathan Mayer, the maker of the note.

The answer of Nathan Mayer states, that the two notes in question are two of four notes given at the same time, and for the same consideration; and states the transaction upon which all the notes were given to be as follows :—

Defendant, Nathan Mayer, and one Levi, were partners in business. Levi absconded with the property of the firm, which made it necessary for Nathan Mayer to compromise with his and the firm's creditors. Nathan had a deed drawn for his

creditors to sign, compromising with him at 50 per cent. The deed contained the clause, "that the compromise shall not be binding except all the creditors agree to this agreement."

The answer further averred, that after many creditors had signed the deed, it was presented to Gregory & Foote, to whom the firm of Mayer & Levi were indebted in the sum of $2,000; that Gregory & Foote refused to sign the deed, unless Nathan Mayer would give to them notes to the amount of $600, endorsed by Mink Mayer—a part of their said claim, divided into four notes, payable in four, five, six, and seven months. The first for $150, the second for $200, the third for $100, and the fourth for $150. Gregory & Foote undertook, upon the receipt of such notes, that they would sign the deed and accept the compromise, and would use their influence to induce other creditors to sign the deed, and would keep the fact of the receipt by them of the said notes from the other creditors. The proposition was acceded to, and the notes were given. The answer also avers, that the plaintiff, James O. Higgins, knew the whole transaction; that he advised it, and that he holds the notes for the benefit of Gregory & Foote, and is prosecuting the notes for their benefit.

The plaintiff's reply denies these allegations.

The supplemental answer states, that, after issue was thus joined in this court, the plaintiff, James O. Higgins, prosecuted the defendant, Nathan Mayer, in the marine court of the city of New York, upon the third note above mentioned, for $100; in which suit Nathan Mayer set up the foregoing state of facts as a defence; and that upon the trial of that cause, evidence of the truth of the alleged transaction was given, and the marine court gave judgment for the defendant, Nathan Mayer, against the plaintiff, James O. Higgins.

To this supplemental answer the plaintiff demurred.

The supplemental answer sufficiently states the facts.

The question before the marine court was the identical question at issue in this court between the plaintiff and this defendant, and was between the same parties. The question has,

therefore, been decided between the same parties by a court of competent jurisdiction. The notes are void for the fraud that entered into their consideration. The case of *Gardner* agt. *Buckley* (3 *Cow.* 120) is directly in point.

Judgment for defendant, Nathan Mayer, with costs.