CLAUDE T. HOLLENBECK, Respondent, *v.* THE ÆTNA CASUALTY AND SURETY COMPANY OF HARTFORD, CONNECTICUT, Appellant.

Third Department, March 4, 1926.

Judgments — res judicata — action on burglary insurance policy — defense of breach of warranty — on prior trial same defense was raised and determined against plaintiff — prior judgment is conclusive evidence against plaintiff on issues determined — not necessary to plead prior judgment in bar — prior judgment of dismissal at close of plaintiff's case not having been made without prejudice is, under Civil Practice Act, § 482, on merits.

On the second trial of an action to recover on a policy of burglary insurance, the first trial having resulted in a dismissal of the complaint at the close of the plaintiff's case without any statement that it was without prejudice, the prior judgment is properly admitted in evidence and is conclusive on the plaintiff on the issue of a breach of warranty and the waiver thereof, both of which questions were raised on the first trial and determined against the plaintiff, and it was not necessary for the defendant to plead the prior judgment in bar in order to introduce it in evidence and to have the benefit thereof.

The prior judgment of dismissal not having been made without prejudice is, under section 482 of the Civil Practice Act, a judgment on the merits and cannot be collaterally attacked but can only be amended by direct proceeding for that purpose, and until it is amended it is conclusive as a judgment on the merits.

APPEAL by the defendant, The Ætna Casualty and Surety Company of Hartford, Connecticut, from a judgment of the Supreme

Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 22d day of June, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*Andrew J. Nellis,* for the appellant.

*Henry J. Crawford,* for the respondent.

HINMAN, J.   This is an action to recover on a burglary insurance policy.   The liability involved has been tried twice in separate actions between the parties.   Upon the first trial, at the close of the plaintiff's case, the court granted a motion for nonsuit and a dismissal of the complaint.   Judgment accordingly was entered and the court made no provision for a dismissal without prejudice. (Civ. Prac. Act, § 482.)   Respondent did not appeal or make a motion to have the judgment recite that the dismissal was without prejudice.   In the absence of a dismissal without prejudice, the judgment was a " final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action."   (Civ. Prac. Act, § 482.)   We have held that where it appears that no decision on the merits was or could have been rendered the failure to state in a judgment dismissing the complaint that such dismissal is without prejudice does not prevent the court from correcting the judgment either upon appeal therefrom or upon motion. (*Caruso* v. *Metropolitan 5 to 50 Cent Store,* 214 App. Div. 328.)   Instead of appealing or moving to correct the judgment, the respondent has brought a new action for the same liability under the policy and has recovered judgment, from which the defendant appeals.

At the trial in the first action one of the defenses alleged and sought to be proved was a breach of warranty by the plaintiff in procuring the policy.   The warranty was that the assured has " never suffered loss by burglary."   At that trial the plaintiff admitted that jewelry had previously been stolen from him.   He testified that he had informed the agent of the defendant at the time he applied for the insurance that this burglary had occurred but that the stolen goods had been returned to him.   This testimony was stricken out as immaterial on the ground that if the goods had been returned he had suffered no loss within the court's interpretation of the policy and the statement to the agent could not constitute a waiver of the terms of the policy.   Upon further examination of the plaintiff, however, the plaintiff admitted that his salesman's case, worth about five dollars, which contained the

stolen jewelry, had not been returned. The court held that since the warranty must be literally true, this loss proved a breach of the warranty and avoided the policy. Whatever the true construction of the language of the policy may be, the court adopted the aforesaid construction and dismissed the complaint upon the basis of plaintiff's own admission of an actual loss. Moreover, it was a loss not shown to have been declared to the company's agent at the time of procuring the policy and, therefore, could not be the basis of a waiver of the warranty.

At the trial of the second action the court construed the language of the policy as to " loss by burglary " to mean a temporary loss as well as a permanent loss, holding that a loss of possession and use during the period of detention of the stolen goods was an actual loss, which was made known to the defendant's agent before the issuing of the policy. The plaintiff has recovered a judgment reforming the policy in this respect upon the basis of waiver or estoppel as to the previous loss by burglary and has been permitted to recover on the policy. In this second action the defendant pleaded, amongst other defenses, the breach of this warranty but did not plead the former judgment in bar. The judgment roll and the testimony in the first action were offered in evidence, however, by the defendant as conclusive evidence of the points directly in issue and judicially passed upon, including the breach of warranty against a prior loss by burglary. The plaintiff objected to receiving the judgment roll in evidence unless it was accompanied by the testimony. The testimony and the judgment roll were both received. At the close of the whole evidence the defendant moved for a nonsuit and dismissal of the complaint.

There are two main rules of *res adjudicata*. One is that a judgment of a competent court, on the merits, is a bar to any future suit between the same parties or their privies upon the same cause of action. The other is that a point directly in issue and judicially passed upon in a judgment of a competent court, on the merits, cannot be again drawn in question in any future action between the same parties or their privies whether the cause of action is identical or not. A determination coming within the latter rule is not strictly speaking a bar or defense, but simply conclusive evidence of the fact or point determined, while a determination coming within the former rule is a bar or complete defense, the cause of action being merged in the judgment and the scope of the estoppel being complete and all inclusive. (*Cromwell* v. *County of Sac*, 94 U. S. 351; *Southern Pacific R. R. Co.* v. *U. S.*, 168 id. 1; *Gardner* v. *Buckbee*, 3 Cow. 120, 126; *Stokes* v. *Stokes*, 155 N. Y. 581, 601, 602; *Stannard* v. *Hubbell*, 123 id. 520; *Webb* v. *Buckelew*,

82 id. 555; *Clemens* v. *Clemens,* 37 id. 59; *Rudd* v. *Cornell,* 171 id. 114.) As a matter of pleading, the distinction between these two rules is observed. To be used as a bar, a former adjudication must be pleaded. When used as conclusive evidence of points directly in issue, though not in bar, pleading the adjudication is unnecessary. (*Krekeler* v. *Ritter,* 62 N. Y. 372; *Foulke* v. *Thalmessinger,* 1 App. Div. 598.) The defendant contended throughout the trial that the former judgment was conclusive evidence of the points determined in the first action, including the breach of the warranty as to previous loss by burglary. The judgment roll and testimony were offered for that purpose and were received. After decision had been reserved upon the motion for dismissal of the complaint at the conclusion of the case, counsel for the defendant made a motion to amend the answer to plead the former judgment in bar in the event that the court denied his motion for dismissal. After the verdict the court denied both motions. The record of the former trial was not offered or received, however, on the condition that the amendment of the answer be allowed. When the motion to amend was denied, the record of the former trial was still in the case as conclusive evidence of the matters directly decided. The defendant seasonably objected also to the submission of the case to the jury. One of the matters directly decided in the former action was that the plaintiff had been guilty of a false warranty as to previous loss by burglary. This was not overcome in the second action by the attempt of the plaintiff to prove a waiver as to that warranty. The matter of a waiver was distinctly presented at the first trial. While the court ruled that evidence as to the conversation between the plaintiff and defendant's agent as to the previous burglary was immaterial and struck that evidence from the record, the basis of the ruling was that the conversation indicated that the goods were returned, which, according to the construction of the policy then made by the trial court, was not such a " loss " that its disclosure to the agent of the defendant could constitute a waiver of the provision of the policy. The court directly passed upon the point of waiver and it was necessarily involved in the final determination that there was a breach of the warranty. Whether or not the court properly interpreted the policy and correctly decided the question of breach of warranty is a matter which cannot be examined collaterally. As no appeal was taken it stands as the law of the case and the adjudication is final upon it. The judgment in the former action still stands as a final determination upon the merits because of a failure to provide therein that the dismissal of the complaint was without prejudice. (Civ. Prac. Act, § 482.) We cannot amend

that judgment upon this appeal from the judgment in the second action. It cannot be attacked collaterally and until and unless it is modified in the suggested respect in a direct proceeding by motion it must be given the force and effect which the statute provided. (*Krekeler* v. *Ritter*, 62 N. Y. 372.) It being a final determination upon the merits in the eyes of the law, and one of the issues directly drawn in question and judicially determined adversely to the respondent having been the breach of warranty and its waiver, the motion for the dismissal of the complaint at the close of the case should have been granted.

The judgment and order should be reversed and the complaint dismissed, with costs.

VAN KIRK and MCCANN, JJ., concur; COCHRANE, P. J., and H. T. KELLOGG, J., concur in result.

VAN KIRK, J. Section 1209 of the Code of Civil Procedure differs widely from section 482 of the Civil Practice Act. By section 1209 it is provided: " A final judgment, dismissing the complaint, either before or after a trial, * * * does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon the merits." In order that such a judgment may be a bar it must affirmatively appear that it was rendered on the merits. This section applies to a judgment whether rendered before any evidence was taken or after all was taken. In construing it the Court of Appeals said (*Genet* v. *D. & H. Canal Co.*, 170 N. Y. 278, 280): " It provides in effect, that the dismissal of the complaint, either before or after a trial, shall not have the effect of preventing a new action for the same cause of action, ' unless it (the judgment) expressly declares or it appears by the judgment roll that it is rendered upon the merits.' " And later in the same opinion it is said: " The courts might perhaps conclude to take other proof of the fact were it not that the Legislature in its wisdom has seen fit to provide a clear-cut method by which the fact of the dismissal upon the merits may be established in a very simple way, namely, by expressly stating it in the judgment or causing the fact to appear in the judgment roll, * * *." The first sentence of section 482 is: " A final judgment dismissing the complaint before the close of the plaintiff's evidence does not prevent a new action for the same cause of action, unless it expressly declares that it is rendered upon the merits." This sentence does not mention the judgment roll and its application is limited to final judgments rendered *before the close of the plaintiff's evidence.* Within its scope, it is similar to section 1209. But the second sentence of section

482 is quite the converse of section 1209. It reads: " A dismissal of a complaint or a counterclaim at the close of the plaintiff's or defendant's evidence, as the case may be, or a dismissal of a complaint or counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice." Here is an affirmative declaration of what judgment is a bar; it applies to dismissals after plaintiff's evidence or after defendant's evidence or after all the evidence has been taken; it includes no judgment covered by the first sentence. Given its ordinary meaning its language makes a decided change from the Code rule, which was also the common-law rule in law actions. At common law it was the rule in a law action that where a dismissal of a complaint was for the same cause for which a nonsuit might have been granted, the judgment entered thereon is not a bar to another action for the same cause, while in an equity action the rule was the contrary. (*Wheeler* v. *Ruckman*, 51 N. Y. 391.) The Revisers' note under section 482 (Report of Joint Legis. Com. Simp. Civ. Prac. [N. Y. Legis. Doc. 1919, Vol. 40, No. 111], p. 284, § 497, note; Parsons' Clevenger's Practice Manual, 1925, Civ. Prac. Act, p. 273, § 482, note) says: " The effect of the section as here given will be to leave the rule the same as it now is in case of dismissal at any time before the close of the plaintiff's evidence. A dismissal at any time thereafter will be deemed to be on the merits and a new action will be barred unless the court shall dismiss without prejudice.   *   *   *." The direction in the section is unequivocal; we are unable to understand how we can hold that it means anything else than it declares. To obey the injunction of this sentence does not prejudice the right of any party. If a dismissal is not upon the merits, the use of the words " without prejudice " determines the fact. If an error be made in this determination, relief from the error may be had by motion to correct the judgment. If, at the end of a plaintiff's evidence, the court determines that the plaintiff has failed to prove a cause of action, he has determined the plaintiff's right after the plaintiff has had full opportunity to present his evidence. Hitherto, under the Code rule, we have called this a nonsuit and not a bar to another action. Nevertheless if, after all the evidence had been taken, the court concluded that the plaintiff had failed to establish his cause of action and the court made a finding to that effect, we have called it a decision on the merits and a bar. If a plaintiff is not given the privilege to try again in the second case, how is he prejudiced if not given a right to try again in the

first case? If a defendant fails to prove his defense or counter-claim, he is not given a new trial; the one or the other is dismissed and the judgment concludes him. Why be more considerate of a plaintiff than of a defendant. And why should a defendant be required to defend again, plaintiff having tried once and failed? The provisions of the Civil Practice Act were proposed to the Legislature by the Board of Statutory Consolidation and were carefully examined by the Joint Legislative Committee on the Simplification of Civil Practice and were likewise submitted for criticism to several able lawyers and judges in the State, and it is to be presumed that they and the Legislature intended the language used to have the natural and ordinary meaning and in my view this sentence was introduced with the intent and purpose of changing the rule and thereby of expediting and limiting litigation.

The determination of the trial court in this trial was based upon the construction of the insurance policy, as was the determination on the former trial; the court held that the contract was not valid because the proof showed there were misrepresentations made by the assured in procuring the policy. This seems, under section 482, directly a determination of the merits of the action. The dismissal was not stated to be " without prejudice " and that judgment, had it been pleaded, would be a bar to this action on the same policy.

The question now seems to be whether or not the former judgment is conclusive evidence of the construction of the policy; the policy was part of the evidence at each trial. If not conclusive, we have the interesting result that, without an appeal, a plaintiff may bring as many actions and have as many trials as he has endurance to prosecute, when the controlling question in dispute is in the construction of a written instrument, and the defendant fails to plead the first judgment as a bar. Pleading a judgment does not prove it; it is the judgment roll received in evidence which furnishes the proof; and, having been received, the judgment is in the case for what it proves. The general rule, which, so far as I can find, has always been accepted in our courts, is stated in *Gardner* v. *Buckbee* (3 Cow. 120, 126) as follows: " The law is well settled, that the judgment of a court of concurrent jurisdiction, directly upon the point is, as a plea in bar, or evidence, conclusive between the same parties, upon the same matter directly in question in another court." In *Cromwell* v. *County of Sac* (94 U. S. 351, 353) Mr. Justice FIELD quotes from an English case as follows: " It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The recovery of itself in an action of trespass is only a bar to the future

recovery of damages for the same injury; but the estoppel precludes parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them, or by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them; " and then quotes the rule as stated in *Gardner* v. *Buckbee.* And in *Southern Pacific R. R. Co.* v. *U. S.* (168 U. S. 1, 48) Mr. Justice HARLAN said: " The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination." In *Stokes* v. *Stokes* (155 N. Y. 581, 601, 602) Chief Judge PARKER states that the rule in the *Gardner* case has been the rule since the *Duchess of Kingston's Case* (11 Harg. State Trials, 261; 20 How. State Trials, 538).

In the record in this case we have the identical issue between the same parties decided with directly opposite results in two actions brought on the same insurance policy to recover for the same loss suffered by the same burglary; and that too when the first judgment was, under section 482 of the Civil Practice Act, " a final determination of the merits of the cause." It seems to me that the judgment at the first trial ought to be conclusive evidence against a recovery at the second trial. (*Castle* v. *Noyes,* 14 N. Y. 329.) Relief from that judgment could only be had by appeal or by motion to correct the judgment. I concur.

HINMAN and McCANN, JJ., concur; COCHRANE, P. J., and H. T. KELLOGG, J., concur in result.

Judgment and order reversed on the law and complaint dismissed, with costs.