598.) All concur. (The judgment declares plaintiffs' right to construct a gasoline station.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

JESSICA THARRATT BEST, as Administratrix, etc., of BRINKERHOFF A. THARRATT, Deceased, Plaintiff, v. EFFIE L. PATTEN, Appellant; THE SYRACUSE TRUST COMPANY, WILLIAM E. LEWIS, Defendants, and FIRST NATIONAL BANK AND TRUST COMPANY OF UTICA, NEW YORK, Respondent.*

STEPHEN SHUSHEREBA, Respondent, v. VILLAGE OF AVOCA, Appellant.— Order affirmed, with costs. All concur. (The order awards damages for change in grade of State highway.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

In the Matter of the Judicial Settlement of the Accounts of JOHN C. COTHRAN, as Executor, etc., of GEORGE D. COTHRAN, Deceased.— Decree affirmed, with costs. All concur. (The decree sustains the right of the widow to take under an election against the provisions of the will.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

MICHAEL OURIEL, Appellant, v. JOHN PETROSSI COMPANY, INCORPORATED, and Others, Defendants; MAX DIFIORE and ROBERT MITCHELL, Respondents.— Judgment of County Court reversed on the law and judgment of City Court of Rochester affirmed, with costs in this court and in the County Court. Memorandum: If defendants-respondents were aggrieved by the fact that the judgment rendered in a former action between the parties specified that it was " not on the merits," they should have moved to amend the judgment under section 512-c of the Charter of the City of Rochester, or should have taken an appeal therefrom. Having failed to do so, and in the absence of fraud in procuring the former judgment, its form or validity cannot be made the object of collateral attack in this later action. (*Hollenbeck* v. *Ætna Casualty & Surety Co.*, 215 App. Div. 609; affd., 243 N. Y. 540.) In any event, the record before us, which does not include the evidence taken upon the former trial and accordingly leaves us uninformed as to the precise issues there adjudicated, does not permit us to determine the legal basis for the former judgment. All concur. (The judgment dismissed the complaint in an action to recover damages for negligent injury of a monument.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

STEUBEN TRUST COMPANY, Respondent, v. MARY M. NETTLETON and ESTHER R. GODDEN, Appellants.— Judgment reversed on the law, with costs, and motion denied, with ten dollars costs. Memorandum: The burden is upon one seeking to uphold a voluntary conveyance to show that it was executed and accepted in good faith and that the grantor had means left to pay all debts. (*Ga Nun* v. *Palmer*, 216 N. Y. 603.) Under this principle we hold the affirmative allegations in the answer sufficient to constitute a defense. According to these allegations the conveyance by the defendant Nettleton to her mother, the defendant Godden, which the plaintiff seeks to set aside, was of property which the mother had paid for on behalf of the daughter. The daughter was to reimburse her mother and had previously made small payments to her, not sufficient, however, to cover the interest. If this was true, there was at least a debt (if not a trust) due by the grantor to the grantee to satisfy which the conveyance is alleged to have been made. Such facts,

---

* Decision and opinion withheld from publication by direction of the court. For decision on reargument, see next volume.— [REP.