In the Matter of the Petition of JOHN A. LITTLE and ANDREW E. BRENNAN to Prove the Last Will and Testament of DELIA McMAHON, Late of the County of Kings, Deceased.

JULIA McMAHON and ANNA S. BUTLER, as Heirs at Law and Next of Kin of DELIA McMAHON, Deceased, Appellants; SUSAN R. LAWRY, Also Known as SUSAN McCORMICK LOWRY, and Others, Contestants, Respondents; MICHAEL McMAHON and Others, Distributees.

Second Department, February 26, 1940.

*Andrew E. Brennan* [*John A. Rullo* with him on the brief], for the appellants.

*Gabriel Slovak,* for the respondents.

PER CURIAM. This is an appeal from so much of a decree of the Surrogate's Court of Kings county as adjudges that a paper writing purporting to be the last will and testament of Delia McMahon, deceased, be denied probate on the ground of lack of testamentary capacity.

In support of probate, the lawyer who drew the document testified that on the day prior to its purported execution he interviewed the decedent and that she discussed her affairs with him in detail. The document was prepared by him in accordance with the instructions thus received. It was executed by her as her will after it had been read to her and after she had signified that it was satisfactory. Three subscribing witnesses, one of whom had been a friend of the decedent for four years, and another, a nurse in attendance upon her, testified that the decedent was competent at

the time the document was executed and that she signed her name unaided. A specimen of the handwriting of the decedent, made at the time of execution and in preparation for the final signing, was offered in evidence. A cousin of the decedent and two friends of long standing corroborated the prior witnesses as to her competency at the time.

For the contestants, a doctor who had attended the decedent both prior to and after the execution of the instrument, but apparently not on the day in question, and who was unable to state the precise dates of his visits, testified that for more than a month prior to the time it is claimed the will was executed the decedent had been incoherent, irrational and helpless. In his opinion she was unable physically to sign her name. The learned surrogate expressly found that the instrument was duly executed, which finding implies that the subscribing witnesses were truthful in respect to the physical signing. In September of 1937 the doctor thought that decedent was going to die within a week. She lived until March 30, 1938.

As against the direct and positive eye-witness testimony of the lawyer and many disinterested persons to the effect that the decedent was possessed of testamentary capacity, the determination to the contrary, based as it is upon the conclusions of a doctor shown to have been in error in other respects, is against the weight of the credible evidence.

The decree, in so far as appealed from, should be reversed on the facts and a new trial granted, with costs to abide the event, and the findings contained in the decision dated May 10, 1939, vacated. All issues should be tried *de novo* in the interest of justice.

LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ., concur.

Decree of the Surrogate's Court of Kings county, in so far as appealed from, reversed on the facts and a new trial granted, with costs to abide the event. The findings contained in the decision of May 10, 1939, are vacated. All the issues should be tried *de novo* in the interest of justice.