■ SARAH KRUGER et al., Appellants, v. DIANA FREEDMAN, Respondent.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order (1) denying appellants' motion for summary judgment striking out the answer and (2) granting appellants' motion for reargument and upon reargument adhering to the original decision. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ ANTHONY LESHNICK et al., Respondents, v. VERA KALTOVICH, Appellant, et al., Defendants.— In an action to impress a trust on two bank accounts, the appeal is from a judgment, entered after trial, (1) directing the appellant to turn over to respondents' attorneys two bankbooks, and (2) directing the respective depositary to pay over to respondents the balance in each account. On January 10, 1952 the intestate opened a bank account in trust for one respondent and on October 3, 1955 opened another bank account in trust for the other respondent. On November 23, 1956 the intestate was admitted to a hospital as a terminal case of diffuse carcinoma of both lungs. On November 25, 1956, while in the hospital, the intestate executed (1) a will leaving all his property to appellant, (2) a general power of attorney to appellant, and (3) two withdrawal slips for the named trust accounts. On November 26, 1956 appellant withdrew the money from the trust accounts and opened two accounts in her own name. The intestate died on December 5, 1956. Judgment affirmed, with costs. The judgment is based on two grounds: (1) that a decree of the Surrogate's Court, New York County, entered April 24, 1958 denying probate to the will executed November 25, 1956 on the ground of incompetency and undue influence by appellant is *res judicata* on the issues here involved with respect to the withdrawal slips executed at the same time as the will, and (2) that, apart from the provisions of the 1958 decree, the independent evidence adduced at the trial of the present action warrants findings that the intestate was incompetent to execute the withdrawal slips and that he did so as the result of undue influence exercised by appellant. It is not necessary to pass on the first ground. The evidence is sufficient to sustain the findings of incompetency and undue influence. Wenzel, Acting P. J., Beldock and Kleinfeld, JJ., concur; Murphy and Hallinan, JJ., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: The denial of probate was made with respect to a different writing and not necessarily between the same parties. It did not bar defense to the present action (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 308; *Hollenbeck* v. *Ætna Cas. & Sur. Co.*, 215 App. Div. 609, 615, affd. 243 N. Y. 540). There was, moreover, no proof upon which to find incompetency, fraud or undue influence. The undisputed and impressive testimony of the intestate's physician and attorney shows that the intestate knew what he was doing when he handed over the bankbooks to the woman with whose family he had lived for many years, who had regularly taken him to hospitals, including the last one, and who saw to it that he had every facility his money could buy (cf. *Matter of Swing*, 276 App. Div. 844, affd. 301 N. Y. 716; *Cheney* v. *Price*, 90 Hun 238; *Matter of Bogardus*, 198 App. Div. 399; *Matter of McMahon*, 258 App. Div. 670).