## Mary Chase & al. *versus* Henry Walker.

If two distinct parcels of land be conveyed in the same deed, it may be avoided as to one parcel by creditors, who have a right to impeach it, because fraudulent as to them, when, as to the other parcel, it might be deemed *bona fide,* and unimpeachable.

A judgment of a Court having jurisdiction, with proof that the decision was upon the same ground, is conclusive between the same parties upon the same subject matter, coming directly in question in another suit, although the controversy may not arise in relation to the identical thing.

And where the course of the proceedings is such, that the judgment cannot be pleaded, it may be given in evidence under the general issue.

This case was tried before Tenney J. and came before the law Court on the following report : —

This was a writ of entry in which demandants demand against the defendant the possession of a certain tract of land in Fryeburg, as set forth in the writ, which may be referred to. The demandants claim title under an extent of execution duly made upon the demanded premises in favor of their devisor, July 20, 1839, which may be referred to.

The tenant, to sustain his title, offered a deed from Isaiah Warren to himself, dated July 27, 1837, of one of the lots described, in which is the one demanded in this action, which deeds may be referred to. The demandants objected to this deed as void on the ground of fraud ; and to prove the fraud, offered the record of a judgment in their favor against the defendant, recovered at the S. J. Court for this county, holden at Paris on the 2d Tuesday of October, A. D. 1845, for possession of another parcel of land described in said deed, as conclusive evidence, it being admitted by the tenant, that on the trial of that action, the verdict of the jury was return-

ed in favor of the demandants, on the ground that the deed was fraudulent as to the premises demanded in said writ. The tenant contended, that this verdict was not evidence that his deed was fraudulent, except as to the particular tract of land described in that writ, and that in the present action the question, whether the deed is fraudulent as to the demanded premises, is open for trial, in the same way and manner, it would have been, if it had been described in a separate deed.

For the purpose of settling this question, the presiding Judge ruled in favor of the demandants; whereupon the tenant consented to a default; which is to be set aside and the cause stand for trial, if this ruling was incorrect, otherwise judgment is to be rendered on the default.

*Codman* and *A. R. Bradley*, for the defendant, said that the case presented but one question : — Is the record of the former judgment conclusive evidence of fraud? They contended that it was not. If the land had been conveyed by a different deed, it could not be supposed by any one, that the record was conclusive evidence, or indeed any evidence as to fraud in the other.

The deed was not fraudulent in every thing, but certainly good for many purposes. The record was evidence, as to the land in question, at that trial, only so far as that the deed was constructively fraudulent as against creditors. The land now in question was not then in controversy, and there was no judicial inquiry touching it. If both the tracts described in the deed had been included in the former writ, the jury might have found the conveyance fraudulent as to one tract, and good as to the other. The defendant might have taken a conveyance for sufficient consideration as to one, when as to the other it was merely voluntary. In order that the record should be a bar, the judgment must have been upon the same subject matter, and what was directly in issue. Stark. Ev. Part 2, 196; 1 Greenl. Ev. § 528, 532, 565; *Jones v. Fales*, 4 Mass. R. 255 ; *Bridge* v. *Austin*, *ib.* 117 ; 2 Pick. 20 ; 8 Pick. 350 ; 15 Pick. 416 ; 2 Metc. 368 ; 15 Pick. 276 ; 17 Pick. 13.

The cause of action in the present case was not in any manner brought into controversy in the former suit; and the record of that can in no way prevent a trial upon the merits in this.    17 Mass. R. 237 ; 14 Pick. 55 ; Rosc. on Ev. 101 ; Stark. Ev. 2d part, 190, 198, 201, 202 ; 3 Greenl. 169 ; Steph. *Nisi Prius,* 1664.

*S. H. Chase,* for the plaintiffs, said that he should admit, that it was necessary that the judgment in the former case must be upon the same subject matter as in this.    The only difficulty was in the application.

He contended, that the record was upon the same subject matter in both cases, to wit : — the validity of the levy and of the deed from Warren to the tenant.    The former was good ; the latter bad.    It is impossible that the same deed can be fraudulent and void in part and good in part ; that the tenant should fail of holding one tract, because the deed was fraudulent, and at the same time under the same deed, hold the other, on the ground, that the same deed was good.    2 Hen. & Mumf. 55 ; 4 Cowen, 559 ; 8 Wend. 9 ; 4 Rawle, 273.

The conveyance, being fraudulent in part, is so in toto.    3 Cowen, 120 ; 5 Cowen, 447 ; *Harris* v. *Sumner,* 2 Pick. 137 ; 6 Hill, 438 ; 7 Metc. 520 ; Am. Jurist, Oct. 1839, page 22 ; 8 Mass. R. 51 ; 8 Johns. R. 213 ; 4 Yerg. 164 & 415.    A deed can no more be fraudulent in part, than illegal in part.

The opinion of the Court, SHEPLEY J. not having been present at the argument, and taking no part in the decision, was drawn up by

WHITMAN C. J. — The report in this case was probably drawn up by the counsel for one of the parties, and hastily agreed to by the counsel for the other, and hence it may have been signed by the presiding Judge without examination.    It is certainly very defectively drawn.    A deed introduced by the defendant is said to have been found by the jury, in a former suit between these parties, and in reference to another piece of

land, therein purporting to have been conveyed, so tainted with fraud as to be void. It is not stated under what circumstances it was so found to be void; whether the fraud set up was such as to render the deed void as between the grantor and grantee, and therefore totally inoperative; or whether it was so only under the statutes of Elizabeth, so far as *bona fide* creditors were concerned, and were disposed to question its validity. If the former, then the former verdict, with proof that the decision was upon the ground, that the deed was absolutely null and void, might well be regarded, under the circumstances of this case, where the plaintiff could not plead the former judgment specially, as conclusive between the parties, for it is not essential, that the subject matter to be affected by the decision is not the same. Buller's N. P. 332; 2 Stephens' N. P. 1665; *Gardner* v. *Buckbee*, 3 Cowen, 126. If the latter, then the former decision might be admissible, and be conclusive, if upon the trial there should be no ground to support the validity of the defendant's title, other than was set up in the former case. A deed void only as against the interfering rights of creditors, is good as between the parties, and against all who have not a right as creditors to impeach it. And, if a deed conveys two distinct parcels of land, it may be avoided as to one parcel by creditors, when, as to the other, it might be deemed *bona fide* and unimpeachable. Of one parcel, for instance, the vendee may have held a bond for many years, stipulating to convey it on the payment of the agreed consideration, which might have been paid, so that a right to a conveyance would have become absolute; and this parcel might be conveyed with another, which might be inserted for the purpose of defrauding creditors. In such case the deed, as to the former, might be deemed *bona fide*, but not so as to the latter; the deed being voidable only so far as *bona fide* creditors, who had become such before the making of the deed, or were designed to be defrauded by it, might be injuriously affected by it.

When the presiding Judge intimated an opinion that the former decision was conclusive, it must probably have been with the understanding, that no other ground was relied upon,

Chase v. Walker.

as to the one parcel of the estate conveyed, than as to the other; yet, in drawing up the report, there is an omission to state that such was the case. Upon the supposition, that the fraud set up in the former case, was merely such as arises under the statutes of Elizabeth, and it seems to be probable that no other was thought of, and as it does not appear, that the two parcels of the estate purporting to have been conveyed were affected with the same taint, it seems to be necessary that we should grant a new trial to ascertain how the fact, in reference to that particular, may be.

I have remarked, that the former judgment, with proof that the decision was upon the ground, that the deed to the defendant was fraudulent as against creditors, and no other ground appearing to uphold it, in reference to the premises in question, might be conclusive ; and this seems to be well settled in the cases of *Wood* v. *Jackson*, 8 Wend. 9; *Howard* v. *Mitchell*, 14 Mass. R. 241 ; *Gardner* v. *Buckbee*, 3 Cowen, 120; *Burt* v. *Steenburgh*, 4 *ib.* 559; *Adams* v. *Barnes*, 17 Mass. R. 365. In those cases it was distinctly held, that if the party in whose favor a judgment had been obtained, in which the same point had directly occurred as the ground of decision, and which he could not present in a plea, he might give it in evidence against the same adverse party; and that, under such circumstances, it would be as effectual as if pleaded specially.

The case at bar, being a writ of entry, it may be presumed, although nothing appears in the report about it, that *nul disseizin*, was pleaded. In such case, the plaintiffs could not be apprised, that the defendant would again set up his deed in defence. Hence he could not, with propriety, reply that the deed had been adjudged fraudulent and void. His only alternative was, on the introduction of it, to give that matter in evidence. In the case of *Gardner* v. *Buckbee*, before cited, it appeared that a note of hand, then in suit, formed part of the supposed consideration for the promise contained therein, and that another note, forming another part of the same consideration, had before been put in suit, and had been adjudged

void on account of fraud, affecting the whole of the supposed consideration ; and, thereupon, it was held, that the question, then pending between the parties, had been judicially' settled, affecting both notes alike ; and this adjudication was had without any special plea setting forth the ground relied upon, when it would seem that a special plea for the purpose, might well have been pleaded ; and it may admit of a doubt whether it should not in that case have been deemed requisite.   But in the case at bar, as we, have before seen, it would be otherwise ; and in other respects can scarcely be distinguishable from that case, if the defendant's conveyance is liable to be affected, in reference to the lot now demanded, by the same taint that prevented its operation before.

*New trial granted.*