Lynch *v.* Swanton.

*Howard & Cleaves & Chisholm*, for the plaintiff.

*Drew & Dennett*, for the defendant.

———◆———

JOHN LYNCH *versus* SAMUEL SWANTON, 2d, *& als.*

When the question, whether or not a defendant was a member of a certain firm, has been once judicially determined, the judgment is conclusive in any further action on the same issue between the same parties.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.
ASSUMPSIT.

The presiding Judge ruled a former judgment between

the parties, put into this case, conclusive, and the defendant Swanton, having denied that he was a member of the firm, under the rule, excepted.

The remaining facts appear in the opinion.

*M. M. Butler*, for the defendant Swanton.

The exception of the defendant is to the ruling that the former judgment was conclusive as to the existence of the partnership on the 14th day of May, 1856.

It may have been very material, "very persuading evidence" on that point, but the defendant should have had opportunity to offer evidence in rebuttal, to convince the jury to the contrary, if he could. *Dutton & al.* v. *Woodman*, 9 Cush., 256, 261; *Eastman* v. *Cooper*, 15 Pick., 276, 279, 285, 289; *Standish* v. *Arnold*, 2 Pick., 20; *Parker* v. *Standish*, 3 Pick., 288; *Outram* v. *Morewood*, 3 East, 351.

It is to be noticed that the judgment was not offered by way of plea in bar, but only as *evidence*.

The general issue alone was pleaded in the former action. There was no plea or denial under the Rules of Court, bringing *directly* in issue the question of partnership, on the above date. It arose *collaterally* during the progress of the trial. Nothing was conclusively determined by the verdict, except the liability of defendant on the particular note declared on in that action. The finding of the jury, on the question submitted to them by the Judge, forms no part of the record. That finding is simply evidence, in better and more authentic form, it may be, of what might be proved by parol, to wit, a fact in controversy between the parties in the former suit and submitted to the jury. But, when thus submitted and passed upon by the jury, when not directly put in issue by the pleadings, it is strong, "persuading" evidence in a subsequent suit, but not conclusive.

*E. & F. Fox*, for the plaintiff.

APPLETON, C. J.—This action is against the defendants, as co-partners, doing business under the name and style of A. H. Gerrish & Co. The defendant Swanton contests, that he is not a member of such firm. The other defendants have submitted to a default, thereby admitting the existence of such firm and that they are members of the same.

The plaintiff, to prove that Swanton was a member of the firm of A. H. Gerrish & Co., introduced the record of a judgment in his favor, against said Swanton, in which his right to recover depended upon his establishing the fact of his being such partner on the day of the date of the note then in suit. On the trial of that action the following question was proposed to the jury;—"Was the defendant (Swanton) a partner and member of the firm of A. H. Gerrish & Co., in the business at Bethel, from 1854 to 1857?" To this the jury answered—"He was."

The same question is in issue between the same parties in the present case. In the first suit, the rights of the parties depended upon the fact whether the defendant Swanton was a member of the firm of A. H. Gerrish & Co. That question has been once clearly and distinctly presented to the jury by these parties. "It is not necessary, in order to make a judgment conclusive, that the cause of action should be the same in the first suit as in that in which the judgment is pleaded or relied upon in bar. But it is essential that the issue should be the same." *Merriam* v. *Whitmore*, 5 Gray, 317. The finding of the jury must be regarded as settling, as between these parties, the fact specially submitted to and found by them. And such seems to be the entire weight of judicial authority. *Chace* v. *Walker*, 26 Maine, 555; *Gardner* v. *Buckbee*, 3 Cow., 120; *Sawyer* v. *Woodbury*, 7 Gray, 499; *Jennison* v. *West Springfield*, 13 Gray, 544; *Perkins* v. *Walker*, 19 Verm., 144; *Chapman* v. *Smith*, 16 How. U. S., 133.     *Exceptions overruled.*

DAVIS, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.