## HOBART C. TAYLOR, A MINOR, ETC.,
### v.
## OSCAR FIELD.

*Evidence—Admissibility of Former Decree—Contract of Loan—Refusal to Complete—Action for Damages.*

1. A former decree may be given in evidence to establish a fact which it determined when such fact comes in controversy between the same parties in another suit.

2. Such decree to be so admissible need not find the disputed fact in terms. It is enough that by necessary implication it must have been in issue and must necessarily have been decided in order to support the decree.

3. In an action to recover damages for a refusal by the defendant to complete a contract for a loan of money to him, it is *held:* That a decree in a former suit between the same parties and others involved the question whether certain sums were advances on said loan; and that said decree is admissible in evidence.

[Opinion filed April 26, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Statement by MORAN, J. Action was brought by appellant, in the court below to recover damages from appellee for refusing and neglecting to complete a certain contract of loan.

In April, 1883, appellee agreed with S. W. Millard, representing appellant's guardian, to borrow from appellant $20,000 for three years at 6 per cent. interest, and to secure the same on certain real estate in the City of Chicago. The papers were to be dated on the 15th day of April, 1882. Appellee

was to furnish full abstracts showing good title.    On the day
when the agreement for the loan was made there was advanced
to appellee $3,000, and he gave his note for that amount to the
mother of appellant, to be held, as appellant claims, until the
loan papers were completed and the loan closed.    On June 2d,
appellee executed a trust deed to secure the loan, and the same
was placed on record, but the loan was not closed, as there had
been some delay in furnishing abstracts, and paying off taxes and
so forth.    There was advanced to appellee on that date, $1,000,
and a note was made therefor, payable to appellant's mother,
A. C. Collins.    The $3,000 and $1,000 were paid to appellee
by the guardian's checks, and the mother of appellant, said A.
C. Collins, was guardian.    At this time the Connecticut
Mutual Life Insurance Company held a mortgage for $15,000
on the property of appellee, on which appellant was to be
secured, and the money agreed to be loaned by appellant was
to be used in part to discharge the prior mortgage.    Various
circumstances occurred to delay the completion of the loan, but
finally the approval of the loan and security by the Probate
Court was obtained, and the attorney of appellee and Millard,
who was acting for the guardian of appellant, met on the 2d and
3d of November to close the loan.    Monroe, the attorney for
appellee, and Millard, then disagreed as to whether the first
coupon interest note on the $20,000 loan should be deducted
from the amount to be paid to appellee.    Millard insisted
on the coupon being deducted, and Monroe, it is claimed by
appellant, then terminated the interview by declaring that the
whole thing was ended forever. About December 20th Millard,
acting for appellant, took $16,000 in legal tender notes, and
went to appellee's place of business and tendered the money
to him and demanded that he close the loan.    Appellee re-
ferred him to his attorney, Monroe, and Millard thereupon went
to Monroe's office, and there tendered the money to him and
asked him to close the loan and deliver the securities.    Monroe
said he could do nothing about it.    On January 6, 1883, the
Connecticut Mutual Life Insurance Company filed a bill in the
Federal Court against Field, Millard, appellant Taylor and
others, to foreclose its mortgage.    A cross-bill was filed by

appellant, and, on hearing, a decree was entered, which, among other things, established a lien in favor of appellant for $4,697, being the money advanced on the loan to appellee with interest, subject to the prior lien of complainant, and ordered that the property be sold and both liens discharged. The money which appellee agreed to take was attempted to be loaned after appellee refused to complete the transaction, but appellant did not succeed in loaning it for some time.

The case was heard by the court and a jury, and on the trial appellant offered the record of the case in the United States Court in evidence, and it was objected to as irrelevant by appellee's attorney, and the objection was sustained by the court and an exception taken by appellant. The verdict was for defendant, and a motion for new trial was overruled and judgment rendered on the verdict, and the case is brought to this court by appeal.

Mr. F. A. SMITH, for appellant.

Mr. JAMES LEDDY, for appellee.

MORAN J. On the trial of this case in the court below the question whether the $3,000 which appellee obtained on the day the agreement of loan was made and the $1,000 which he obtained on the day the trust deed to Millard was executed were advanced to him as a part of the $20,000 agreed to be loaned, so as to leave but $16,000 coming to him at the time Millard made the tender to him of that sum and asked him to complete the loan and deliver the securities, became a material question in the case. On the part of appellant it was contended that said $4,000 was given to appellee at his request as an advance on the $20,000, and that the notes for the $3,000 and the $1,000, making the $4,000, were made to A. C. Collins, the mother of appellant, as a matter of form, because the security for a minor's money would have to be approved by the Probate Court; that this was all well understood by appellee, and the minor's money was in fact drawn by him upon the guardian's checks which were given him.

Taylor v. Field.

Appellee testified to the contrary: that the $4,000 had no connection with the $20,000 loan, but was a separate matter; that the $20,000 was to be paid to him and he was to pay the $4,000 (which was no part of the $20,000 secured by the trust deed), and that said $4,000 was not paid to him on guardian's check. Several of the instructions given by the court to the jury made the right of the parties depend as a principal hypothesis upon whether the jury should believe from the evidence that the $4,000, represented by the $3,000 and $1,000 notes, was not advanced to appellee by Millard as a part of the $20,000 loan in question, but was loaned to appellee by said Millard as a separate and independent transaction. This issue having been made a prominent one, and treated, at least in part, as controlling in the trial below, was the record of the case in the United States Court offered by appellant and excluded from the case on the objection of appellee, relevant evidence? Examination of the record so excluded discloses that a bill to foreclose its mortgage upon the property of appellee was filed in the United States Court for the Northern District of Illinois by the Connecticut Mutual Life Insurance Company, and that among others, appellee and Sylvester M. Millard and appellant were made parties defendant thereto. That a cross-bill was filed in said case by Sylvester M. Millard and Frederick M. Smith, in which Hobart C. Taylor, the appellant, afterward joined as a complainant, and to which appellee, with others, were made defendants, in which, among other things, the agreement between appellee and appellant, as represented by said Millard for said $20,000 loan is set out, the execution of the trust deed by appellee to Millard to secure the same is alleged, the delay from various causes in the completion of said loan is stated at length, and it is averred that at the request of appellee said Millard advanced to said appellee on account of said loan in April, 1882, $3,000, and that appellee gave his note therefor, payable to A. C. Collins; and that in June, 1882, at appellee's request, Millard advanced an additional thousand dollars on account of said loan, and that on December 20, 1882, said Millard tendered the balance of said loan, to-wit, $16,000, to said appellee, and requested

said appellee to complete the loan and deliver the securities, and that appellee refused to do so. It thus appears that the subject-matter of the loan and the money advanced was before the United States Court.

The decree rendered, and which is entitled in the original case as well as in the cross-bill of Hobart C. Taylor v. Oscar Field, finds, among other things, that said Hobart C. Taylor is entitled to recover of said Oscar Field the sum of $4,697, and to have a valid lien for the payment thereof on the real estate described in the bill, and orders that out of the money arising from the sale of the premises after the complainant in the original bill shall have been paid its debt, then from the remainder the sum so found due to Hobart C. Taylor shall be paid, and that upon the acceptance of said sum and interest by said Hobart C. Taylor, or his guardian, the two promissory notes made by said Field to A. C. Collins and referred to in said Taylor's cross-bill, shall be surrendered to said Oscar Field, and it is further ordered that said Millard shall, on the payment of said sum of $4,697, release and discharge said trust deed from said Field to him. *Prima facie* the question whether the $4,000 advanced to appellee by Millard was advanced as part of the loan of $20,000, appears from the decree to have been considered and determined by the United States Court. It is not seen how the judgment orders made could have been reached without the determination of that very question. That court it appears had the parties to this action before it, and it is not suggested that it had not complete jurisdiction, nor that the record as offered was not in all respects formal and properly authenticated.

The objection urged to it was that it was irrelevant, and that objection was a waiver of the other objections, if any there were, which were not mentioned to the court. Considering, then, only the objection made and ruled upon in the court below, we are of opinion that the decree offered was clearly relevant testimony. It tended strongly and probably conclusively to establish the fact which the defendant denied. A judgment determines not only the precise facts involved directly in the former issue, but also all facts incidentally

Taylor v. Field.

involved and which were in fact passed upon as the foundation of the former decision.    Adams v. Pearson, 7 Peck, 341; Reg. v. Hartington, 4 Ellis & Bl. 780.

And the judgment may be given in evidence to establish a fact which it determined when such fact comes in controversy between the same parties in another suit, though the last suit may not arise in relation to the identical thing litigated in the former one, and may be so given in evidence without being set up in the pleadings.    Chase v. Walker, 26 Me. 555; Edgel v. Sigerson, 26 Mo. 583; Babcock v. Camp, 12 Ohio St. 11.

Decrees of courts of chancery upon matters within their jurisdiction stand upon the same footing with judgments at law.    2 Smith Lead. Cas. 593 (Hare & Wallace edition).

Counsel for appellee contends that the decree was anomalous, and that it does not in terms find that the four thousand was part of the twenty thousand dollar loan.    The decree being anomalous is of no consequence.    If in fact erroneous it would still be conclusive of facts determined by it unless it was reversed by a direct proceeding.    The decree, as we have already intimated, need not find the disputed fact in terms. It is enough that by necessary implication it must have been in issue and must necessarily have been decided in order to support the decree.    13 Texas, 68; 24 Wis. 124.

Manifestly the court erred in excluding the record as irrelevant.    For such error, and without reference to the other errors assigned, the judgment must be reversed and the case remanded.

*Reversed and remanded.*