### FESSENDEN *v.* BARRETT *et al.*

(Circuit Court, D. New Hampshire. November 24, 1891.)

No. 346.

JUDGMENT—RES JUDICATA—IDENTITY OF SUBJECT-MATTER.

Plaintiff sued B. to foreclose a mortgage on land which B. claimed under a tax sale for the year 1873. The tax title was sustained, and judgment rendered for B. Afterwards, plaintiff brought another action to foreclose the same mortgage as to a different tract of land, but acquired by B. under a tax sale for taxes of the same year, made by the same town. *Held* that, the subject-matter of the two actions being different, the judgment in the first was not a bar to the second.

At Law. Action by Albert L. Fessenden against Samuel N. Barrett and others to foreclose a mortgage. Defendants moved to dismiss. Motion overruled.

*R. E. Walker* and *Wm. L. Foster*, for plaintiff.

*R. M. Wallace*, for defendants.

COLT, Circuit Judge. This is an action brought by the plaintiff for the purpose of foreclosing a mortgage on a certain tract of land situated in the town of Mason, N. H.. The mortgage covered several other tracts of land, not included in this suit. The present hearing was had upon defendants' motion to dismiss the suit upon the ground that the subject-matter here in controversy has become *res adjudicata*. This question is generally more properly raised by plea; but, since the plaintiff waives

any informality as to the manner in which this defense is presented, we will proceed to dispose of it as if formally pleaded.

The judgment relied upon by defendants as a bar to this action is a former suit brought by the plaintiff in the supreme court of New Hampshire against Nelson L. Barrett, under whom the present defendants claim title, to recover possession of another piece of land covered by the same mortgage. In that suit the defendant claimed title to the tract of land then in controversy by virtue of a tax title from the said town of Mason for the year 1873, and the court held the tax title to be valid, and directed judgment for the defendant. The contention of the defendants in this suit is that the land in the present suit, although not the same, was a part of the land included in the mortgage, and was taxed precisely in the same manner in the year 1873, and that the point in issue was precisely the same in that suit as in this, namely, the validity of the tax title of the town of Mason for the year 1873 as against the plaintiff's title under the mortgage, and that, therefore, the plaintiff is estopped from again adjudicating this question. As opposed to this position, the plaintiff maintains that the former suit is no estoppel to the present action—*First*, because the issue is not the same; and, *second*, because the parties are not the same. It is elementary law to say that if either of these propositions is true the former judgment is no bar to this suit, and the defense of *res adjudicata* fails. The rule that the bar or estoppel in a second suit between the same parties is confined to the material issues adjudicated in the first is easier to state than it is to harmonize the various decisions of the courts on this question. This conflict of opinion in the adjudged cases arises from the different views taken by the courts as to what are to be classified as material issues in a prior suit between the same parties. The courts of some of the states hold that the former judgment may be set up as a bar or estoppel to all facts directly and distinctly put in issue, and the finding of which was necessary to the judgment. *Gates* v. *Preston*, 41 N. Y. 113; *Gardner* v. *Buckbee*, 3 Cow. 120; *Wood* v. *Jackson*, 8 Wend. 11; *Jackson* v. *Lodge*, 36 Cal. 28; *Chase* v. *Walker*, 26 Me. 555; *Lynch* v. *Swanton*, 53 Me. 100; *Babcock* v. *Camp*, 12 Ohio St. 11; *Bell* v. *McColloch*, 31 Ohio St. 397. Other state courts seek to confine the effect of a former judgment as a bar or estoppel to the subject-matter in issue in the former suit. *King* v. *Chase*, 15 N. H. 9; *Metcalf* v. *Gilmore*, 63 N. H. 174; *Cross* v. *Cross*, 58 N. H. 373; *Dooley* v. *Potter*, 140 Mass. 49, 2 N. E. Rep. 935; *Eastman* v. *Cooper*, 15 Pick. 276; *Clark* v. *Sammons*, 12 Iowa, 368. The supreme court of the United States, and the weight of authority in the state courts, do not, it seems to me, support the view that the bar or estoppel in a second suit is confined to the subject-matter in issue in the first suit, and that, therefore, all other matters must be deemed collateral, or introduced by way of evidence, but that such estoppel extends to all matters and material facts put in issue, the findings of which are necessary to uphold the judgment. *Aurora City* v. *West*, 7 Wall. 83, 96; *Beloit* v. *Morgan*, Id. 619; *Tioga R. Co.* v. *Blossburg & C. R. Co.*, 20 Wall. 137. In the leading case of *Cromwell* v. *County of Sac*, 94 U. S. 351, the dis-

tinction is drawn between the effect of a judgment as a bar or estoppel against the prosecution of another action upon the same claim and demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered on the merits, constitutes an absolute bar to a subsequent action, not only as to every matter which was offered and received to sustain or defeat the claim, but as to any other admissible matter which might have been offered for that purpose. But where the second action between the same parties is upon a different claim or demand the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.

The present suit is for a different cause of action than the former suit of *Fessenden* v. *Barrett*, since the causes of action relate to different tracts of land. The question to be determined in this suit is the title to another tract of land. In the prior suit the defendant relied upon the tax title of 1873 to sustain his claim to the land then in controversy. In this suit the defendants rely upon the tax title of the same year to sustain their claim to the land now in controversy. Admitting that one of the material facts in issue in the former case was the validity of the tax title of 1873, in respect to a certain piece of property, and that the determination of that fact is a bar to any further litigation of the same question in another action between the same parties or their privies, this cannot estop the parties from raising the question of the validity of the tax title respecting another piece of property, because such title might be good in the one case and bad in the other. It is sufficient to say that all the proceedings necessary to establish a valid tax title might have been complied with in respect to the first tract of land, while, in respect to the other tract, they might have been so defective as to render the tax title void. There may have been as many tax deeds given by the town of Mason in that year as there were delinquent taxpayers, and some of these deeds may have conveyed a good title, and others not. The defendant Barrett, in the former suit, may have been the purchaser of several pieces of property sold for the taxes of that year, and received tax deeds therefor. Assuming that these pieces of property were at the time all owned by the same person, and that the tax title as to one piece had been adjudicated and held to be valid, it does not follow that the other deeds are equally valid. It seems to me that this case is outside of the debatable ground as to what matters are concluded by a prior judgment, and that no courts have gone so far as to hold that establishing the title to one piece of property between the same parties also establishes the title to another piece of property as between the

same parties. That both these tracts of land are claimed by the plaintiff under the same mortgage can make no difference, especially in view of the fact that the validity of the mortgage has not been called in question in either suit.

It is unnecessary to consider the second defense, that the parties are not the same in the two actions. The motion to dismiss is overruled.